## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

EVA M. TRUDEAU

    Plaintiff,

v.

UNITED COLLECTION BUREAU,
INC.,

    Defendant.

CIVIL ACTION

COMPLAINT 2:21-cv-11282

JURY TRIAL DEMANDED

## COMPLAINT

**NOW COMES** Eva M. Trudeau ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Defendant, United Collection Bureau, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of

the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**PARTIES**

4.  Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Michigan.

5.  Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines into Michigan for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6.  Defendant's principal place of business located at 5620 Southwyck Blvd., Toledo, Ohio 43614.

**FACTS SUPPORTING CAUSE OF ACTION**

7.  Prior to this action giving rise, Plaintiff incurred a debt with WebBank ("subject debt").

8.  Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

9.  Sometime thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff's default.

Case 2:21-cv-11282-JEL-KGA   ECF No. 1, PageID.3   Filed 05/29/21   Page 3 of 7

10. After acquiring subject debt, Defendant contacted Plaintiff about the subject debt via written correspondence.

11. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Oaks, Pennsylvania ("mail house").

12. Defendant disclosed to mail house:

   a.   Plaintiff's status as a debtor;

   b.   the subject debt amount;

   c.   the Plaintiff's address; and

   d.   other highly personal pieces of information.

13. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Plaintiff's residence in Michigan.

### DAMAGES

14. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the subject debt.

17. Plaintiff never consented to having her personal and confidential information, concerning the subject debt or otherwise be shared with anyone else.

18. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

19. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

20. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses and the amount that was due, all within the possession of an unauthorized third-party.

21. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details

of the debt - then the debtor may well be harmed by the spread of this information."

*Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

22. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

23. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(b) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

32. Defendant violated §1692c(b) when it disclosed information about Plaintiff's subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt.

**WHEREFORE**, Plaintiff Eva M. Trudeau respectfully requests that this Honorable Court:

a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A) ;

b. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and

d. Such other relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 29, 2021       Respectfully Submitted,

             /s/ Omar Sulaiman
             /s/ Marwan R. Daher
             Omar Sulaiman, Esq.
             Marwan R. Daher, Esq.
             *Counsel for Plaintiff*
             Sulaiman Law Group, Ltd
             2500 South Highland Avenue
             Suite 200
             Lombard, IL 60148
             Telephone: (331) 307-7646
             osulaiman@sulaimanlaw.com
             mdaher@sulaimanlaw.com